UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

_____

CONTINENTAL CASUALTY COMPANY
a/s/o LAM GROUP

                Plaintiff,

-against-

57 ANN STREET REALTY ASSOCIATES, INC.
and LITTLE MAN PARKING, LLC

                Defendants,
_____

Civil Action No.: 1:24-cv-02418

COMPLAINT

JURY TRIAL DEMANDED

Plaintiff, Continental Casualty Company, as subrogee of Lam Group, by and through its attorneys, Butler Weihmuller Katz Craig LLC, hereby complains of Defendants, 57 Ann Street Realty Associates, Inc. and Little Man Parking, LLC, and alleges upon information and belief as follows:

## THE PARTIES

1. Continental Casualty Company ("Continental") is and was, at all times material hereto, an insurer licensed to transact business in New York, duly organized and existing under the laws of the State of Illinois, with its principal place of business located at 151 North Franklin St., Chicago, Illinois 60606.

2. At all times relevant hereto, CNA provided a policy of insurance to Lam Group that insured against losses due to physical damage to covered property at 49-53 Ann St., New York, New York 10038.

3. 57 Ann Street Realty Associates, Inc. ("57 Ann"), was and is a business corporation company organized and existing under the laws of the State of New York, with a principal place of business located at 1545 Laurel Hollow Road, Laurel Hollow, New York 11791, and at all times material hereto was engaged in the business of, *inter alia*, owning, leasing and managing the building located at 57 Ann Street, New York, New

York 10038.

4. Little Man Parking, LLC ("Little Man"), was and is a limited liability company organized and existing under the laws of the State of New York, with a principal place of business located at 307 Seventh Ave, Suite 407, New York, New York 10001 and at all times material hereto, operated, managed and/or controlled the parking garage located at 57 Ann Street, New York, New York 10038.

5. Upon information and belief, Lance Howard is the sole member of Little Man and is a resident of New York.

## JURISDICTION AND VENUE

6. This Court has jurisdiction because the action involves citizens of different states and the amount in controversy exceeds $75,000.

7. Venue is proper because the facts and circumstances giving rise to the Complaint occurred in this District.

## FACTUAL ALLEGATIONS

8. Plaintiff hereby incorporates by reference each and every allegation set forth above and below as fully as if recited herein at length.

9. At all times relevant hereto, 57 Ann and Little Man, owned, leased, operated, maintained and/or controlled the building at 57 Ann Street, New York, New York 10038 (referred herein as the "Building").

10. Upon information and belief, 57 Ann leased the Building to Little Man for use as a parking garage.

11. Lam Group, through its subsidiary and/or affiliate Ann Street Hotel LLC, owned a hotel directly adjacent to the Building located at 49-53 Ann Street, New York, New York (the "Hotel").

12. Plaintiff issued an insurance policy to Lam Group that insured Ann Street Hotel LLC

and covered the Hotel.

13. Prior to April 18, 2023, the Building was cited for multiple violations over a course of several years, including construction violations for sagging beams and cracking concrete.

14. On or about April 18, 2023, the Building collapsed.

15. The Hotel sustained damages as a result of the collapse.

16. The authority having jurisdiction prohibited access to the Hotel due to the collapse.

17. Upon information and belief, the Building collapsed as a result of Defendants' failure to properly operate, manage, maintain, repair, service, control and/or occupy the Building.

18. As a result of the collapse, Plaintiff's insured lost income and incurred extra expenses. Plaintiff's insured submitted an insurance claim for its damages.

19. Plaintiff made insurance payments to, or on behalf of, its insured for damages pursuant to its insurance policy. Plaintiff's payments to date are in excess of $1,200,000 and additional payments are forthcoming.

20. Pursuant to the terms and conditions of the policy and applicable law, Plaintiff is contractually, legally and equitably subrogated to its insured's rights and claims against Defendants to the extent it paid or will pay for damages arising from the collapse.

### **NEGLIGENCE (AGAINST 57 ANN AND LITTLE MAN)**

21. Plaintiff incorporates by reference the allegations of the preceding paragraphs, as fully as though set forth herein.

22. Defendants had a duty to maintain the Building in a good and safe condition to ensure it would not collapse and/or cause injury to Plaintiff's insured.

23. Defendants had a duty to maintain, repair, and occupy the Building in accordance with

applicable building codes, regulations, and industry standards to ensure it would not collapse and/or cause injury Plaintiff's insured.

24. Defendants had a duty to repair or otherwise resolve any conditions cited by the authority having jurisdiction as violations to ensure the Building would not collapse and/or cause injury to Plaintiff's insured.

25. Defendants, by and through their officers, employees, servants, contractors, subcontractors, and/or agents, breached their legal duties in one or more of the following ways:

   a. Failing to operate, manage, maintain, repair, occupy and/or control the Building in a reasonably safe manner and/or in accordance with building code, regulations, and industry standards;

   b. Failing to hire, train, and/or supervise competent contractors, agents, subcontractors, employees and representatives to properly operate, manage, maintain, repair, occupy, and/or control the Building;

   c. Creating a dangerous condition at the Building, which Defendants knew, or should have known, would create an unreasonable risk of harm to Plaintiff's insured;

   d. Failing to take any reasonably preventive action to protect Plaintiff's insured from harm against a dangerous condition at the Building, which Defendants knew, or should have known, created an unreasonable risk of harm.

   e. Failing to warn Plaintiff's insured of a dangerous condition at the Building, which Defendants knew, or should have known, created an unreasonable risk of harm.

   f. Failing to maintain and/or repair the Building to ensure it would not collapse;

   g. Failing to protect Plaintiff's insured against harm caused by a dangerous

      condition at the Building.

    h.    Failing to comply with applicable laws, statutes, codes, standards, regulations, ordinances and/or industry customs related to the work performed at the Building; and

    i.    Otherwise failing to exercise the necessary care and skill under the circumstances.

26.    The careless, reckless, and/or negligent acts and/or omission of Defendants directly and proximately caused the Building to collapse and Plaintiff's insured to sustain property damage, lost income, and other damages in excess of $1,200,000, for which Plaintiff now seeks recovery.

**WHEREFORE**, Plaintiff demands judgment in their favor and against Defendants, 57 Ann Street Realty Associates, Inc. and Little Man Parking, LLC, in an amount in excess of $1,200,000, together with pre-judgment and post-judgment interest, attorney's fees, the cost of suit and such other relief as this Court deems just and proper.

DATED: March 29, 2024

s/ Michael Savett
Michael Savett, Esq. (MS6520)
BUTLER WEIHMULLER KATZ CRAIG LLP
Attorney for Plaintiffs
305 Broadway, Suite 700
New York, NY 10007
267-507-1406
msavett@butler.legal